UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CLOVELLY OIL CO., LLC** | * | CIVIL ACTION No. 17-14435 c/w 18-5488, 18-9385, 18-9391 |
| **VERSUS** | | |
| | * | APPLIES TO: 17-14435 |
| **BTB REFINING, LLC, ET AL.** | | |
| | * | SECTION J(5) |
| | * | JUDGE CARL J. BARBIER |
| | * | MAG. JUDGE MICHAEL B. NORTH |

## ORDER & REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 611)** filed by Defendant, Select Oilfield Services, LLC ("Select") against Plaintiff, Clovelly Oil Co., LLC ("Clovelly"). The motion is opposed (Rec. Doc. 634) by Clovelly, and Select has filed a reply (Rec. Doc. 648). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be denied.

## FACTS AND PROCEDURAL BACKGROUND

On October 15, 2017, an explosion and fire occurred on the West Lake Pontchartrain East Block 41 Oil and Gas Production Facility ("the Platform"), resulting in one death, several injuries, and extensive damage to the Platform. Clovelly owned the Platform, which was located in Lake Pontchartrain approximately one and one-quarter miles from the south shore.

Clovelly's property damage suit was first filed on December 4, 2017 in this Court against BTB Refining, LLC ("BTB"), Kinsale Insurance Company ("Kinsale"),

1

Global Oil Management Group, Ltd. ("Global Oil"), Harry Sargeant, III ("Sargeant"), and Kevin Kirkeide ("Kirkeide") as the original defendants. On April 5, 2018, Clovelly filed its First Amended and Restated Complaint adding defendant, Supreme Electrical Services, Inc. d/b/a Lime Instruments, LLC and/or Lime Instruments ("Lime"). Later, on August 27, 2018, Clovelly filed its Second Amended, Restated, and Supplemental Complaint adding two additional defendants, Global Oil EOR Systems, LTD. ("Global EOR"), and Global Financial Services, LLC ("Global Financial"), and withdrawing its claims against Kevin Kirkeide

Davin Billiot, James Bordelon, and Paul Pfister—three workers who were allegedly injured in the explosion —filed personal injury complaints in this Court, which were consolidated with Clovelly's suit. At the same time that these federal suits were pending, another personal injury suit was pending in Louisiana state court against Select and Clovelly as defendants. Moreover, in 2019, Select filed a claim in Clovelly's Limitation Action and answered Clovelly's Rule 14(c) Tender. And in January of 2020, Select filed an intervenor complaint in the since dismissed federal claim of Plaintiff Bordelon. Subsequently, Plaintiff Billiot added Select as a defendant in his since dismissed federal personal injury suit.

On December 30, 2021, at the Court's request, Clovelly filed a Third Amended Complaint ("TAC") (Rec. Doc. 593) adding Select as a Defendant and alleging three counts: (1) a breach of contract claim against BTB, Global Oil, Global EOR, and Global Financial; (2) a tort claim against BTB, Global Oil, Global EOR, Global Financial, Select, and Lime; and (3) a single business enterprise theory, alter ego

2

doctrine, veil piercing, and sham to perpetuate fraud claim against BTB, Global Oil, Global EOR, Global Financial, Select and Sargeant. Subsequently, Clovelly and Defendants, BTB; Global Oil; Global EOR; Global Financial; and Sargeant, filed a Consent Motion to Bifurcate and Stay the Alter-Ego, Veil-Piercing, Single Business Enterprise, and Sham to Perpetrate Fraud Claims asserted by Clovelly, the City of Kenner, and Travelers Property Casualty Company of America. (Rec. Doc. 612). The Court granted this motion, and the claims contained in Count III of Clovelly's Third Amended Complaint, were bifurcated and stayed until full resolution of the underlying liability issues. (Rec. Doc. 621). Select has now filed the instant motion for summary judgment.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be

3

satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

Select argues that its addition as a Defendant in Clovelly's Third Amended Complaint is barred as untimely. (Rec. Doc. 611-1, at 1). Specifically, Select contends that "under the general maritime law the filing of suit against one joint tortfeasor

4

does not toll laches or a statute of limitations period against all other joint tortfeasor" so Clovelly's addition of Select as a defendant four years after the underlying platform explosion is untimely. (*Id.*). Further, Select asserts that the maritime doctrine of laches applies to bar Clovelly's suit against Select as untimely. (*Id.* at 9).[1]

Under maritime law, "[l]aches is an equitable doctrine, that if proved, is a complete defense to the action irrespective of whether the analogous state [prescriptive period] has run." *Mecom v. Levingston Shipbuilding Co.*, 622 F.2d 1209, 1215 (5th Cir. 1980). "The existence of laches is a question of fact to be decided by the court after weighing the equities as they appear from the facts of each case." *Esso Intern., Inc. v. S.S. Captain John*, 443 F.2d 1144, 1150 (5th Cir. 1971) (citing *McDaniel v. Gulf & S. Am. S .S. Co.*, 228 F.2d 189 (5th Cir. 1955)). The United States Court of Appeals for the Fifth Circuit interprets the analogy to the state prescriptive period to determine which party bears the burden of proof. *Mecom*, 622 F.2d at 1215. If the plaintiff files its claim within the analogous state prescriptive period, the defendant must demonstrate inexcusable delay in filing and resulting prejudice to prove its laches defense. *Id.* However, if the analogous state prescriptive period runs prior to the plaintiff's filing its claim, the plaintiff must prove an absence of prejudice or an excuse for the delay to defeat the defendant's laches defense. *Id.*

In this case, the most analogous limitations statute is Louisiana's one-year prescriptive period for torts. La. Civ. Code art. 3492; *see CSX Transp., Inc. v. A.B.C.*

---

[1] However, Select "acknowledges that if Clovelly's vague property damage claim against Select arises under Louisiana law . . . this Motion for Summary Judgment is likely moot, because Clovelly timely filed a suit within one year against a joint tortfeasor." (Rec. Doc. 611-1, at 1–2).

5

*Marine Towing, L.L.C.*, No. 13-5294, 2014 WL 2046418, at *2 (E.D. La. May 16, 2014) (finding that Louisiana's one-year prescriptive period for property damage applied to the laches analysis in a case involving the allision of a barge with a bridge); *Bisso Marine Co., Inc. v. Conmaco, Inc.*, No. 99-0227, 2001 WL 434493, at *2 (E.D. La. April 27, 2001) (Louisiana's one year prescriptive period applied to the laches analysis in a maritime property damage case because 46 U.S.C. § 301062 does not apply to property damage). Here, the property damage at issue occurred on October 15, 2017, and Select's addition as a defendant to the property damage case was filed more than four years later on December 30, 2021. Therefore, the analogous one-year state prescriptive period ran before Clovelly filed suit against Select. However, Clovelly argues that because Louisiana's analogous one-year prescriptive period instructs that interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors, Clovelly's joining of Select is proper because Clovelly timely filed suit against Select's joint tortfeasors on December 4, 2017, less than two months after the explosion. (Rec. Doc. 634, at 7–8).

Therefore, if Clovelly filed within the prescriptive period, because it was tolled, Select bears the burden of proving it was prejudiced; but if the prescriptive period was not tolled, Clovelly bears the burden of proving the absence of prejudice towards Select. While the Court may look to Louisiana's analogous one-year prescriptive period to gauge the time frame to determine whether a maritime suit was timely filed, and hence determine who bears the burden of proof, Louisiana law governing the interruption of prescription against an alleged joint tortfeasor simply by the filing of

6

suit does not apply in the context of general maritime law. *See Logwood v. Appollo Marine Specialists, Inc.,* 772 F. Supp 925, 927 (E.D. La. 1991). Clovelly thus bears the burden of proof.

Delay in filing may be excused when the party against whom the claim is made has notice of the claim and ample opportunity to investigate. *W. Wind Afr. Line, Ltd. v. Corpus Christi Marine Servs., Co.*, 834 F.2d 1232, 1234–35 (5th Cir. 1988). If the delay was inexcusable, the plaintiff must demonstrate that defendants were not unduly prejudiced by its inexcusable delay. *Id.* Undue prejudice, subjects the defendant "to a disadvantage in asserting and establishing his claimed right to defense." *Esso Int'l, Inc. v. S.S. CAPTAIN JOHN*, 443 F.2d 1144, 1150 (5th Cir. 1971) (citing *Point Landry Inc. v. Ala. Dry Dock & Shipbuilding Co.*, 261 F.2d 861 (5th Cir. 1958)). "[L]oss of records, destruction of evidence, fading memories, or unavailability of witnesses," may constitute prejudice sufficient to bar a claim under laches. *Cornetta v. United States*, 851 F.2d 1372, 1378 (Fed. Cir. 1988).

Select avers that Clovelly's and Select's legal teams were in communications with each other within days of the underlying incident and, as early as August 21, 2018, both Select and Clovelly, among other parties, were named as defendants in personal injury suits arising out of the explosion. (Rec. Doc. 611-1, at 11–12). Moreover, Select asserts that both Clovelly and Select have propounded answers to discovery since 2018, and, in 2020, jointly moved to compel the production of another party's equipment for inspection. (Rec. Doc. 648, at 8). Select argues that these facts support their contention that Clovelly had no excuse not to bring suit timely against

Select because Clovelly had notice of Select's identity and of certain claims against Select immediately after the explosion. (*Id.*).

However, these facts also cut against Select's argument that it is prejudiced by its late addition to the property damage case. Select knew of the explosion within days of its occurrence. (Rec. Doc. 634, at 10). Select was a named defendant in two of the personal injury suits that arose out of the same explosion from which this property damage suit arises. (*Id.*). Select was directly involved in an investigation after the incident. (*Id.*). When Clovelly filed a Limitation Action, Select filed a claim. (Rec. Doc. 611-1, at 12); (Rec. Doc. 286). Select participated in motion practice with Clovelly against the Corporate Defendants and Lime. (*Id.* at 13); (Rec. Doc. 551); (Rec. Doc. 634, at 12). Select and its attorneys were interviewed by the Jefferson Parish Sheriff's Office during the course of the criminal investigation. (Rec. Doc. 634, at 10–11). And most importantly, Select filed a complaint in intervention in this action. (*Id.* at 11); (Rec. Doc. 442).

In reply, Select argues that it is already suffering prejudice by its late addition. (Rec. Doc. 648, at 4). Select contends that, after appearing, it served discovery on the other Defendants and Clovelly, each of whom who have refused to answer such discovery by filing requests for extensions of time to respond to Select's discovery request until after a mediation between the parties on May 5, 2022. (*Id.*). After four years of mediations, settlements, and motion practice through the various cases related to the explosion, Select asserts, Clovelly now wants to treat Select as if it has

been a party to this federal property damage suit since the day of inception. (*Id.* at 7–8).

Admittedly, Select may not have been a party to the federal property damage suit since the day of inception, but it has been a party to and active participant in the litigation surrounding the explosion since the very beginning. Select even went so far as to intervene in a federal personal injury suit arising from the explosion. Therefore, as the Court stated at the December 2, 2021 status conference, "[y]ou brought yourself into this court, and all those [cases] are consolidated. There is no way you can avoid being part of the mix in whatever trial occurs . . . ." (Rec. Doc. 588, at 22).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Select Oilfield Services, LLC's *Motion for Summary Judgment* **(Rec. Doc. 611)** is **DENIED.**

New Orleans, Louisiana, this 8th day of April, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE